Argued and submitted July 29, 2004, affirmed January 19, 2005

In the Matter of the Adoption of
Cloie Anissa Peightal, a Minor Child.

David Earl HEATH
and Nicole Rea Heath,
*Appellants,*

*v.*

Stephen PEIGHTAL,
*Respondent.*

04-03-06102; A122544

104 P3d 1178

Stephen J. R. Shepard argued the cause for appellants. With him on the brief was DePaolis & Shepard.

James A. Palmer argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

■ Mother and stepfather appeal from the trial court's dismissal of their petition for stepfather's adoption of child without the consent of father on the ground that he did not contribute or attempt to contribute to the support of child during the year immediately preceding the filing of their petition.[1] ORS 109.324.[2] The trial court found that child support was paid and that, therefore, father's consent was required. Because father did not give his consent, the court dismissed the adoption petition. The question on appeal is whether father has wilfully deserted child within the meaning of ORS 109.324 under the circumstances of this case. We review *de novo*, ORS 19.415(3) (2001), in light of the legal principles

---

[1] The petition for adoption was filed on March 31, 2003. Before the filing of that petition, father's last contact with child was in December 2001. Although petitioners offered evidence of the lack of contact with child, they alleged only "wilful neglect" based on the failure to pay child support. Petitioners did not ask the trial court to amend their petition, and it appears that the trial court exercised its discretion not to consider the lack of contact as an independent ground on which to grant the adoption without father's consent. On appeal, petitioners do not contend that the trial court abused its discretion in that regard, although they do rely on the evidence of father's lack of contact. We confine our *de novo* review to the allegations pleaded and the evidence relevant to those allegations.

[2] ORS 109.324 provides, in part:

"(1) If either parent is believed to have willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be ordered. Upon hearing being had, if the court finds that such parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court may proceed regardless of the objection of such parent.

"(2) In determining whether the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions.                                      .

"(3) In determining whether the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may consider, among other factors the court finds relevant, whether the custodial parent has attempted, without good cause shown, to prevent or to impede contact between the child and the parent whose parental rights would be terminated in an action under this section."

expressed in *Eder v. West*, 312 Or 244, 260, 266 n 25, 821 P2d 400 (1991), and affirm.

■     The evidentiary record is as follows: Mother testified that, during the year immediately preceding the filing of the petition, she received child support payments totaling $6,000 after she met with the paternal grandparents to tell them of the intention to file the adoption petition. She also testified that there was no arrearage in child support owed at the time of the hearing. Father testified that his court-ordered support payment is $300 a month for child support, that he was behind in his payments for a couple of years, and that he asked his parents to help him pay his obligation. Both father and the paternal grandparents testified that the grandparents paid the back child support with an understanding that they would be reimbursed by father or that the amounts paid by them would be deducted from his eventual inheritance from them. Father also introduced into evidence a statement from the State of Oregon showing a credit balance at the end of April 2003 and the checks paid to the state for child support. Grandmother testified that they paid the support obligation off because of "the impending adoption and wanting to retain [child] as our granddaughter[.]"

Petitioners argue that, on this record, "[t]here should be no legal significance given to the fact that the support was paid by the grandparents shortly after they were informed by Petitioners that they were going to file the Petition. To deny the Petition based on the grandparents paying support is to give form over substance." ORS 109.324 directs a court to make a determination of whether a "parent has *willfully* deserted the child or neglected * * * the child[.]" (Emphasis added.) In *Eder*, the Supreme Court held that "[a]ll relevant evidence demonstrating the presence or absence of wilful neglect may be considered by the court." 312 Or at 266. Father's arrangement with paternal grandparents to pay his obligation is no different in substance than if he had obtained a loan from a lender. Moreover, we are not persuaded by this record that the loan arrangement between grandparents and father is a sham. The evidence of that arrangement is relevant to show, in the words of the *Eder* court, that father has "a deliberate, intentional and good faith interest in maintaining a parent-child relationship[.]"

*Id.* Consequently, petitioners have not carried their burden of proving by clear and convincing evidence the standard imposed by the statute and *Eder*.

Affirmed.