In the Matter of the Adoption of
Cloie Anissa Peightal, a Minor Child.

David Earl HEATH
and Nicole Rea Heath,
*Appellants,*

*v.*

Stephen PEIGHTAL,
*Respondent.*

04-03-06102; A122544

116 P3d 245

Stephen J. R. Shepard, and DePaolis & Shepard, for petition.

James A. Palmer, for response.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Mother and stepfather petition for reconsideration of our decision in *Heath v. Peightal*, 197 Or App 142, 104 P3d 1178 (2005), in which stepfather seeks to adopt mothers' and father's ten-year-old daughter without father's consent under ORS 109.324(1).[1] We allow reconsideration but adhere to our former opinion as modified.

Petitioners correctly point out that we mistakenly stated in our original opinion that petitioners did not ask the trial court to amend their petition to include an allegation that father had failed to maintain significant contact with child during the year immediately preceding the filing of the petition for adoption. We grant reconsideration in order to modify footnote 1 to read as follows:

> "The petition for adoption was filed on March 31, 2003. Before the filing of that petition, father's last contact with child was in December 2001. Their petition alleged that father was guilty of 'wilful neglect' based on his failure to pay child support during the year immediately preceding the filing of their petition. At the close of their case in chief, the trial court granted their oral motion to amend their petition to allege also that the father had failed to maintain significant contact with the child in the year preceding the filing of [the petition]."

In our former opinion, we concluded that the trial court did not err in finding that father did not willfully neglect child within the meaning of ORS 109.324, which authorizes the grant of an adoption without the consent of a

---

[1] ORS 109.324(1) provides:

"If either parent is believed to have willfully deserted the child or neglected without just and sufficient cause to provide care and maintenance for the child for one year preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be ordered. Upon hearing being had, if the court finds that such parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required, and, if the court determines that such consent is not required, the court may proceed regardless of the objection of such parent."

parent when the court finds that the parent has willfully neglected the child without just and sufficient cause for the year preceding the filing of the petition for adoption. We adhere to our conclusion in that regard on reconsideration for the reasons expressed in our former opinion.

Also, in their petition for reconsideration, petitioners ask us to consider their contention that father failed to maintain significant contact with the child in the year preceding the filing of the petition as an alternative ground for ruling that under ORS 109.324(1) father's consent is not necessary for stepfather to adopt child. On appeal, petitioners framed their assignment of error in their brief as follows: "The Court erred in finding that [father's] consent to the adoption was necessary even though he had not paid any child support in the year prior to the Petition for Adoption being filed." In their petition for reconsideration, they argue that, having pleaded in the trial court that father failed to maintain significant contact with the child in the year preceding the filing of the petition, there is an alternative ground for relief asserted under ORS 109.324 that should be considered. In support of their argument, they address both father's lack of contact with child and his failure to pay child support during the year immediately preceding the filing of the petition for adoption in the argument portion of their brief. Father generally opposes reconsideration by arguing the merits of the issue. Under the circumstances, we allow reconsideration.

In its judgment denying the adoption petition, the trial court made the following two factual findings:

"1.  [Father] has not maintained contact with child * * * for the year prior to the filing the Petition for Adoption.

"2.  While [father] did not pay child support for the year prior to the filing of the Petition, any child support paid was paid by his parents *and* the Court finds that Respondent's consent is necessary for the adoption and Respondent does not give his consent."

(Emphasis added.) The trial court explained its ruling as follows:

"I just don't see sufficient evidence to require, or mandate an unconsented adoption here given the ultimate payment

of child support through some effort of the father, even though he didn't pay it himself, and should have. He made some efforts which I believe to be a bit more, not a lot more, but a bit more than merely incidental.[2] Many of his efforts which were rebuffed, for what I am prepared to find, were good and understandable reasons."

As we understand the import of the trial court's explanation in light of its findings, it exercised its discretion under ORS 109.324(1) to not dispense with the need for father's consent even though it found that father had not maintained contact with child without just cause for the year immediately preceding the filing of the petition for adoption.

As we said in our former opinion, we review the facts of the case *de novo* under ORS 19.415 and in light of the legal principles expressed in *Eder v. West*, 312 Or 244, 260 n 25, 821 P2d 400 (1991). To determine whether father's consent is not required in this case, we review the evidence anew in light of the guidance provided by ORS 109.324(2) and (3)[3] to determine whether the ultimate findings required by ORS 109.324(1) are satisfied. Then, if necessary, we exercise our discretion to determine if father's consent is required. Although we reach the same legal conclusion as did the trial court, our reasoning differs.

Mother and father's marriage was dissolved in 1995. Under that judgment, they have joint custody of child, although mother has always had physical custody since the divorce. The petition in this adoption proceeding was filed on March 31, 2003. Thus, the pertinent time period under the statute was from March 31, 2002 to March 31, 2003. At the time of the hearing in June 2003, father had not seen child

---

[2] ORS 109.324(2) provides that "[i]n determining whether the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions."

[3] ORS 109.324(3) provides:

"In determining whether the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may consider, among other factors the court finds relevant, whether the custodial parent has attempted, without good cause shown, to prevent or to impede contact between the child and the parent whose parental rights would be terminated in an action under this section."

since December 2001, except at a soccer game. Father testified that he was undergoing residential alcohol and drug treatment during the year preceding the filing of the petition, much of it at the Eugene Mission. During that time, both mother and father agree that father personally requested visitation with child on at least one occasion, requests that mother denied. Before she would consent to visitation, mother believed that father needed to prove he was "clean and sober" and to take responsibility for his behavior by making "amends" to child. Mother consistently required a release of information about father's compliance with the conditions of probation and treatment that were mandated by his criminal convictions before she would allow visitation.[4] Also, there is uncontroverted evidence that the paternal grandmother had requested supervised visits on behalf of father "two or three" times during the relevant period and that her requests, except for one, were denied by mother. Finally, mother testified that father spoke with child on one occasion during the pertinent time period after mother had informed father's parents that stepfather was going to seek to adopt child, and there is some evidence of attempted phone calls but there is no evidence of contact through letters, cards, or packages.

We are not persuaded to the requisite degree of certainty required under the statute that father failed to have contact with child during the pertinent period of time without just and sufficient cause. We agree with mother's exercise of prudence regarding father's attempts to have unsupervised contact with child. There was good reason for mother to be cautious about allowing unsupervised visits between child and father because of his 15-year history of drug and alcohol abuse. But also, we consider relevant the facts that father was seeking treatment for his addictions during that time and was focused on his recovery. Those facts, combined with

---

[4] Father testified that he had been convicted of first-degree burglary and theft arising out of his theft of personal property from his parents, selling the property and then using it to buy drugs. He served 35 days in the Lane County Jail and was placed on probation for three years. At the time of the hearing, he had approximately a year and a half to serve on probation and had been at the Eugene Mission for 15 months.

mother's reluctance to provide visitation, offer some explanation for the limited number of attempts that father made to have contact with child. We are mindful that, to dispense with father's consent, evidence must be clear and convincing, particularly in light of his constitutional right to exercise parental rights involving child. *Eder*, 312 Or at 260, 266. Given all of the above circumstances, we conclude that there is not a sufficient showing by petitioners to find that father neglected without just and sufficient cause to provide proper care and maintenance to child for the year immediately preceding the filing of the petition for adoption.

Reconsideration allowed; former opinion modified and adhered to as modified.